## Douglas Sughrue

| | |
|---|---|
| **From:** | Lanham, Bryan K <Bryan.K.Lanham@wv.gov> |
| **Sent:** | Wednesday, March 17, 2021 2:29 PM |
| **To:** | Clouser, Brian A; Douglas Sughrue |
| **Subject:** | RE: [External]  Merrell, Monroe Placement of laptop for discovery Review |

Mr. Sughrue,

We do not wish to accommodate or take the responsibility of your request for I/M Merrell to have a personal computer at this time. You may print and give him copies of what is needed or bring your own computer for him to view during your visits.

Thanks

Bryan K. Lanham, Superintendent

**From:** Clouser, Brian A <Brian.A.Clouser@wv.gov>
**Sent:** Wednesday, March 17, 2021 11:48 AM
**To:** Lanham, Bryan K <Bryan.K.Lanham@wv.gov>
**Subject:** FW: [External] Merrell, Monroe Placement of laptop for discovery Review


**From:** Douglas Sughrue <dsughrue@sughruelaw.com>
**Sent:** Wednesday, March 17, 2021 8:01 AM
**To:** Clouser, Brian A <Brian.A.Clouser@wv.gov>
**Cc:** Bernadette Donovan <bernadette@donovanengle.com>
**Subject:** [External] Merrell, Monroe Placement of laptop for discovery Review


CAUTION: External email. Do not click links or open attachments unless you verify sender.

Major Clouser,

As per our conversations, I propose the following for your review of our request to place a laptop within your facility so Mr. Merrell can review his discovery.  Although we realize this request may place another strain on the limited resources of your facility, we also note that discovery is almost solely in digital form these days and the volume of discovery has increased dramatically over the last few years. I submit it is easier to start a new policy small and work out the bugs with one case while developing policies to deal with the inevitable need to provide constitutionally required resources to your pretrial detainees.

For comparison, in the WDPA, we (the defense bar) have placed approximately 120 laptops at 4 facilities holding federal pretrial detainees.  We even have one laptop placed at state police barracks in PA.  The computers are locked down and maintained by a service provider of defense counsel.  I have also learned that the eastern regional jail has permitted a laptop to be placed within their facility for discovery review.

The laptop (and potential terabyte hard drive) would be locked down.  This means the laptop would not be able to connect to the internet, connect to any print drivers, discover any facility resources, or otherwise be used for communications inside or outside of the facility.  There would be no email programs.  There would only be access to

1

web-browsers to the extent that html language is used to navigate some elements of the discovery.  Client would have access to a note taking program so that Client's questions can be answered upon being visited by TEAM (optional).  There would be no contraband on the laptop or hard drive—meaning movies, music, or pictures unrelated to the case/discovery provided by the USA.  There is a protective order in this case which protects against unauthorized disclosure of this information to the facility or anyone else outside the TEAM.  TEAM certifies that the laptop does not pose an IT security concern to the facility.  The facility, with a TEAM member present, may scan the laptop for any IT security concerns, but shall not have access to reviewing any actual documents, etc.  Or, a TEAM member could show the facility IT that the laptop is, indeed, locked down.

The facility would manage possession of the laptop and would log it out/in when Client requested to review his discovery. The facility would establish a schedule to be used by Client to review the discovery.  Client would be permitted to review the discovery on the laptop in a confidential area and for reasonable duration/frequency. Client would have to sign up for certain days/times within the established schedule to review the materials subject to facility resources. Client would have the ability to take notes during his review of the discovery (hard copy or on laptop(preferred)).  Client would shut down and return the laptop when finished for the day.  Client would have his own login and password credentials. He would be instructed not to share said credentials. Since the facility manages the possession of the laptop, the facility would not release the laptop to any other inmate.  The TEAM would have an administrative login to update the laptop.  At routine intervals, the TEAM would update the contents of the discovery to reflect the most recent disclosures by the USA.  The laptop would be maintained by the TEAM.  Ownership of the laptop would remain with the TEAM.  Any liability for damage to the laptop would be assumed by the TEAM.

Prior facilities have found that managing a laptop is much easier and safer than managing thumb drives, CDs, or paper.  CDs can easily be mailed outside of the facility. CDs can be broken to use as weapons. CDs are easy to secret in the inmate's living area. Thumb drives or memory cards are easy to secret in the inmate's living area. Thumb drives or memory cards are easy to mail outside of the facility. Unlike paper, laptops can't be soaked in contraband, mailed outside of the facility, or otherwise used to communicate inside and outside of the facility.  Paper, CDs, thumb drives, and memory cards can be shared by/between inmates without authorization much easier than a laptop.

Lastly, the amount of discovery in this matter is extremely large. Reviewing the discovery in-person with client would take an extraordinary amount of time at the facility leading to an enormous expense to the Court.  Counsel can only visit so often due to other deadlines and cases possibly resulting in Client wanting to refresh his recollection on discovery already reviewed during a prior visit.  Client should be permitted to review his discovery as often as he likes and not subject to the schedules of his lawyers.  Counsel will have the ability to review the discovery with Client for which Client has questions or comments.

Please let me know if there is anything more you require from us. I will be at the facility visiting Mr. Merrell today from 11:30am-?.  If you care to speak directly to me or have any additional questions, I am happy to answer them.  Also, if you or your supervisor would want to schedule a meeting to discuss this process, I am happy to meet in person, by telephone or by video conference—whatever is easier for you.

Thanks,

Douglas Sughrue, Esq.
429 Fourth Ave., Suite 501
Pittsburgh, PA  15219

(412) 391-1629 xt. 281 office
(412) 391-1622 fax
(866) 525-OWCP (6927) toll free

www.sughruelaw.com
www.injuredfederalemployee.com