

Bernadette Donovan <bernadette@donovanengle.com>

## Merrell, Monroe Placement of laptop for discovery Review

**Douglas Sughrue** <dsughrue@sughruelaw.com>
To: "david.a.farmer@wv.gov" <david.a.farmer@wv.gov>
Cc: Bernadette Donovan <bernadette@donovanengle.com>

Wed, Mar 24, 2021 at 3:45 PM

Mr. Farmer,

Thanks for talking with me today. As pe your suggestion, this emails is to convey our request to DCR so that we know we have exhausted all of our avenues of relief prior to filing a motion with Judge Groh. Moreover, we are sure that Judge Groh will want to know some of these answers before scheduling a hearing or making a ruling. Our basic request is that we would like to place a laptop at your TVRJ facility so that our client can review his discovery, take notes, and discuss them with us during our legal visits.

I am copying Ms. Bernadette Donovan on this email. She is lead and learned counsel in this most serious matter. Please reply all so that we are both kept informed.

The email below is what I originally sent to Major Clouser at the TVRJ for his review and discussion with his superiors. We will add the following to that email:

The case of USA vs. Monroe Merrell, et al, is a 4 defendant, 9 count indictment with four of the counts being death eligible. All indicted defendants are detained in one of your facilities. Mr. Merrell is at the TVRJ. I think it is fair to assume that the 3 other codefendants will need to have access to their discovery in electronic form as well.

We are early on in the case, relatively speaking. Discovery has started and has consisted of two disclosures. So far, the amount of discovery is approximately 90GB of PDFs, jpgs, and audio & video files. There are over 10,000 files on the first discovery production. The second discovery production is 80GB by itself comprised of tens of thousands of files as well. If this much data has to be printed out, the amount of paper the regional jails would have to manage and protect would be extremely large.

Defendants have the right to access their discovery. When protective orders are in place, that access is restricted. Most of the time, review of discovery by the defendant is done by printing out hard copies and mailing them to the client. In our case, a protective order prohibits us from doing that. In other cases, a lawyer reviews the discovery in the facility with the client. In our case the review alone will take hundreds of hours of review along with the associated travel to and from the facility. We are currently viewing the evidence with Mr. Merrell. However, doing so is not easy as there is much to discuss about the case let alone discovery review. Meanwhile, Mr. Merrell has time during his day/week to dedicate to reviewing the discovery on his own, taking notes and directing us to be able to review the more relevant discovery with him when he has questions.

Please remember to scroll down to review our proposal. If you or anyone else needs more information, we can be available for a call/video conference.

Thanks,

Douglas Sughrue, Esq.

429 Fourth Ave., Suite 501

Pittsburgh, PA  15219

(412) 391-1629 xt. 281 office

(412) 391-1622 fax

(866) 525-OWCP (6927) toll free

www.sughruelaw.com

www.injuredfederalemployee.com

> **From:** Douglas Sughrue
> **Sent:** Wednesday, March 17, 2021 8:01 AM
> **To:** Brian.A.Clouser@wv.gov
> **Cc:** Bernadette Donovan <bernadette@donovanengle.com>

[Quoted text hidden]

[Quoted text hidden]