**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**UNITED STATES OF AMERICA,**



**v.**                                                                     **CRIMINAL ACTION NO.: 3:20-CR-46-1
(GROH)**



**MONROE MERRELL,**

                **Defendant.**


**ORDER GRANTING DEFENDANT MERRELL'S MOTION TO STRIKE THE
GOVERNMENT'S NOTICE OF INTENT TO SEEK THE DEATH PENALTY**

According to the Government, this case began on March 17, 2020, and the charged conduct allegedly culminated in multiple murders. After presentation to the Attorney General of the United States, the Government filed a Notice of Intent Not to Seek the Death Penalty on January 25, 2024. ECF No. 253. On June 10, 2025, the Court entered an Order scheduling this matter for trial on February 2, 2026. ECF No. 406.

On July 1, 2025, the Government filed a Notice of Intent to Seek the Death Penalty—seven months prior to trial—and over five years after the case began. Defendant Merrell moves the Court to strike the Government's second Notice, which now indicates an intent to seek the death penalty. Merrell's Motion should be granted.

Defendant advances seven arguments for why the Court should grant its motion to strike. The Court need not consider most of Defendant's arguments because the Court finds the Notice untimely filed under 18 U.S.C. § 3593(a), which provides the following:

> Notice by the Government.—If, in a case involving an offense described in section 3591, the attorney for the government believes that the circumstances of the offense are such that a sentence of death is justified

under this chapter, the attorney shall, a reasonable time before the trial or before acceptance by the court of a plea of guilty, sign and file with the court, and serve on the defendant, a notice . . . ."

Simply put, the Court cannot and does not find that the Government's second Notice of Intent was filed within "a reasonable time before the trial." Id. The Fourth Circuit's guidance is clear:

> As a prophylactic statute, one of the chief aims of which is to protect the accused from having to endure a trial for his life for which he was not on reasonable notice, the statute must be interpreted to require an inquiry into the objective reasonableness of the time between issuance of the Death Notice and the trial itself, in light of the particulars of the charged offense and the anticipated nature of the defense.

United States v. Ferebe, 332 F.3d 722, 727 (4th Cir. 2003).

> [T]he Fourth Circuit set forth the analytical framework to be applied to determine whether the prosecution complied with the reasonable notice requirement. This framework includes, among other relevant factors:
>
> > (1) the nature of the charges presented in the indictment; (2) the nature of the aggravating factors provided in the Death Notice; (3) the period of time remaining before trial, measured at the instant the Death Notice was filed and irrespective of the filing's effects; and, in addition, (4) the status of discovery in the proceedings.   S

United States v. Hatten, 276 F. Supp. 2d 574, 577 (S.D. W. Va. 2003) (quoting Ferebe, at 737). The Court now applies the facts of this case to the Ferebe factors.

### 1. The Nature of the Charges

This factor favors Defendant Merrell. Particularly when considering "the Ferebe analysis requires this Court to examine whether the Government should have filed the Death Notice earlier than it did given the nature of the charges in the indictment and the status of the discovery and inspection process." ECF No. 429 (quoting Constanza-Galdomez, 2025 WL 1712436, at *6 and United States v. Hatten, 276 F. Supp. 2d 574,

264 (S.D. W. Va. 2003) (internal quotation marks omitted)). Nothing about the nature of the case in this regard has materially changed during the five years its been pending before the Court or since the Government filed its prior Notice indicating it would not seek the death penalty.

### 2. Nature of Aggravating Factors

Based on the aggravating factors listed in the Government's more recent Notice, particularly future dangerousness and victim impact, the defense team would need to "devote very significant time and resources" while also continuing to develop mitigating evidence and preparing for trial. This sort of preparation is time consuming. See United States v. Le, 316 F. Supp. 2d 343, 353 (E.D. Va. 2004). While this factor does not weigh heavily in Defendant's favor—it still leans his direction.

### 3. Time Remaining Before Trial

The Court finds this factor clearly, and perhaps most prejudicially, weighs in Defendant's favor. Seven months could very well be an adequate amount of time for a notice in some cases. But, in this case, it is not enough time. First, the Court notes Defendant's Exhibit E, which indicates the average time between authorization of a capital prosecution and the start of trial is 28 months. Moreover, this is not an instance where Defendant has been waiting to see what the Government would do; the Government previously filed a Notice with the Court—which must carry some weight—that it would not seek the death penalty. Defendant's legal team rightly altered its preparation in light of that Notice, and now would be required to change course again if the Government is permitted to seek the death penalty. But the real damage is to what the Defendant's legal team cannot get back, which is investigation and other preparation that would have

occurred closer in time to the alleged events and without the damage delay brings to an investigation.

Moreover, the Government has not demonstrated to this Court any persuasive reason to excuse its come about at the eleventh hour; this Court is not a sail boat. Litigation of the most serious nature—where the Government desires to extinguish the life of a human being—requires the Government to faithfully satisfy its constitutional obligations. Similarly, this Court must dutifully and evenhandedly apply the law to the facts. Both the Defendant and the public are entitled to no less than that.

The Court is undoubtedly assured that the Government's Notice to Seek the Death Penalty was not timely filed in this case. Despite seven months remaining until trial, the nature of the case, change in learned counsel, Defendant's reliance on the Government's previous Notice, and average time it takes to try a capital case all weigh heavily in Defendant Merrell's favor on this factor.

### 4. Status of Discovery

There are over 170 gigabytes of documents and a terabyte of video and audio files. ECF No. 429 at 25. Although the Court acknowledges and accepts Defendant Merrell's arguments on this factor, it finds particularly relevant that "neither the information provided in the ongoing disclosures nor any procedural issue has affected the ability of the Government to issue its Death Notice. Therefore, the Court finds the status of discovery reinforces the Court's conclusion that the Government should have acted more quickly in filing the Notice." Hatten, 276 F. Supp. 2d 574, 579–80 (S.D. W. Va. 2003). In short, there is no reason it should have taken the Government as long as it did to file its Notice, but

now that it has, the amount of discovery would complicate Defendant's preparation for a capital trial.

In conclusion, the Government notes that defendants are "legally entitled not to stand trial absent a timely filed death notice." ECF No. 432 at 15 (citing <u>Ferebe</u>, 332 F.3d 722, 727). For the reasons explained above, and those more fully discussed in Defendant Merrell's Motion, the Court concludes the Government's Notice of Intent to Seek the Death Penalty was not filed a reasonable time before the trial. Accordingly, the Defendant's Motion to Strike is **GRANTED**. ECF No. 429. The Government's July 1, 2025 Notice of Intent to Seek the Death Penalty is hereby **ORDERED STRICKEN**. It is further **ORDERED** that this case shall proceed to trial as scheduled on February 2, 2026.

The Clerk of Court is **DIRECTED** to transmit copies of this Order to all counsel of record herein.

**DATED**: October 7, 2025

GINA M. GROH
UNITED STATES DISTRICT JUDGE